IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| C.H., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 1:09-cv-1574 SEB-MJD |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES W. PAYNE, in his official capacity as Director of the Indiana Department of Child Services, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| THE INDIANA ASSOCIATION OF RESIDENTIAL CHILD CARE AGENCIES, INC., *et al.*, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | *Formerly, 1:09-cv-1580 WTL-DML* |
| | ) | *(Consolidated with 1:09-cv-1574 for* |
| THE INDIANA DEPARTMENT OF CHILD SERVICES, *et al.*, | ) ) | *pretrial purposes only)* |
| | ) | |
| Defendants. | ) | |

**ORDER APPROVING STIPULATION BETWEEN PARTIES IN *C.H. v. PAYNE* AS FAIR, REASONABLE AND ADEQUATE PURSUANT TO RULE 23(e) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND DISMISSING THE ACTION PURSUANT TO THE STIPULATION**

This cause comes before the Court after the filing by the parties in *C.H. v. Payne* of their Stipulation to Fully Settle Action Following Notice to the Class and Subject to Class Approval and Court Order Pursuant to Rule 23 of the Federal Rules of Civil Procedure (ECF No. 75). On February 23, 2011, this Court held a fairness hearing pursuant to Rule 23(e) of the Federal Rules

of Civil Procedure, to determine whether the proposed settlement is a fair, reasonable, and adequate resolution of this matter. The parties appeared by counsel at the hearing.

Having considered the Stipulation and the Report of Class Counsel following notice to the class, as well as the arguments of counsel at the fairness hearing, and the record in this matter,

IT IS HEREBY FOUND that:

1. This case[1] was filed on December 22, 2009, and alleged generally that the defendant's planned actions, scheduled to become effective on January 1, 2010, to reduce by 10% the foster care maintenance payments paid directly to foster parents and the adoption assistance payments paid to families who had adopted or who would adopt special needs children, violated provisions of Title IV-E of the Social Security Act, 42 U.S.C. §§ 672(a), 673(a)(3), 675(4).

2. On January 25, 2010, this Court certified this case as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, with the classes defined as follows:

> Class A- All foster parents who are receiving, or will receive, foster care maintenance payments directly from the Indiana Department of Child Services pursuant to 42 U.S.C. § 672.
>
> Class B- All children in foster care, or who will be in foster care, for whom foster care maintenance payments are being made, or will be made, directly from the Indiana Department of Child Services pursuant to 42 U.S.C. § 672.
>
> Class C- All adoptive parents who are receiving adoption assistance payments through the Indiana Department of Child Services pursuant to 42 U.S.C. § 673, and whose payments were reduced by 10% as of January 1, 2010.
>
> Class D- All adoptive children for whom adoption assistance payments are being made through the Indiana Department of Child Services pursuant to 42 U.S.C. § 673, and whose payments were reduced by 10% as of January 1, 2010.

---

[1] Subsequent to the filing of the complaint by the C.H. plaintiffs a separate action, filed by the Indiana Association of Residential Child Care Agencies, was consolidated with this action. The Stipulation and the settlement approved by this Order concerns only the action between the C.H. plaintiffs and James Payne, acting in his official capacity.

(ECF No. 45).

3. On January 20, 2010, following a preliminary injunction hearing, the Court entered a preliminary injunction in favor of the plaintiffs and issued its Entry Granting a Preliminary Injunction on January 26, 2010 (ECF No. 48).

4. The preliminary injunction enjoined the defendant from implementing the planned 10% cuts in foster care and adoption assistance payments.

5. On November 19, 2010, the parties filed their Stipulation which is designed to fully resolve all issues in this case between the C.H. plaintiffs and defendant (ECF No. 75).

6. This Court has jurisdiction over the subject matter of this cause and over all the parties, including members of the certified class.

7. The class has been given proper and adequate notice of the proposed resolution of this case as required by this Court's December 13, 2010, Order (ECF No. 77).

8. The notice invited class members to notify class counsel as to any objections to, or comments on, the Stipulation and proposed dismissal as provided by the Stipulation. The notice provided valid, due, and sufficient notice of these proceedings and the matters set forth therein and included information regarding the procedures for making any objections to the Stipulation.

9. The notice given to the class fully satisfied the requirements of Rule 23, Federal Rules of Civil Procedure, and the requirements of due process.

10. Following the standards established by *Synfuel Technologies, Inc. v. DHL Express, Inc.*, 463 F.3d 646, 653 (7th Cir. 2006), the Court finds that the Stipulation, and its planned dismissal of this action is fair, reasonable, and adequate for the following reasons.

    A. The first *Synfuel* factor requires that the strength of the plaintiffs' case be compared to the settlement offer. *Id.* In this case the Court has already determined, in

granting the plaintiffs a preliminary injunction, that plaintiffs are likely to succeed on the merits of their claim. However, the Court is aware that defendant has appealed the preliminary injunction determination to the Seventh Circuit, which has not weighed in on the merits of the case. On the other hand, the Stipulation preserves the *status quo* as it existed on December 31, 2009, preventing any reduction in foster care maintenance or adoption assistance payments. It is true that the defendant reserves the right to lower these payments in the future if it adopts and utilizes a new methodology that it believes justifies the reduction. But, the Stipulation specifically preserves the right of plaintiffs to challenge any new methodology and future decreases. The Court finds that the Stipulation grants plaintiffs as much relief as this Court could and would grant if it found that plaintiffs prevailed after trial in this cause inasmuch as this Court would not enter an order that precluded defendant from adopting new rates in the future if a proper methodology was utilized, nor could the Court preclude plaintiffs from making a future challenge to the methodology and rates. Moreover, under the terms of the Stipulation the defendant will dismiss his appeal of the Court's preliminary injunction Order, thus removing any uncertainty that would remain if the Stipulation is not approved.

B.      The complexity, length and expense of continued litigation weigh heavily in favor of finding the proposed dismissal to be fair, reasonable, and adequate. Continued litigation would require a trial and extensive trial preparation including further discovery and the use of experts. This further expense, both in terms of time and money, is not in the best interests of the parties as the proposed Stipulation realistically gives to the plaintiffs all they could hope to achieve in this litigation.

C.      *Synfuel* requires that the amount of opposition to the settlement by affected parties

be evaluated. *Id.* The Court has reviewed the report of class counsel and notes that no class members have submitted comments opposing the settlement.

    D.    There is no evidence of any collusion between the parties in entering into the Stipulation. The Court is satisfied that the Stipulation is the result of an arms-length negotiation between the parties.

    E.    Class counsel is experienced in class action and public benefits litigation and the Court credits counsel's opinion that the Stipulation is fair, reasonable, and adequate.

    F.    The stage of the proceedings and the amount of discovery conducted also weigh in favor of concluding that the Stipulation is fair, reasonable, and adequate. Discovery was conducted and a preliminary injunction hearing was held and resolved prior to the Stipulation. The Court is satisfied that further discovery or proceedings would not produce information that would lead to a settlement or decision that would be more beneficial to the class.

11.    For the foregoing reasons, the Court finds that the proposed Stipulation is a fair, reasonable, and adequate resolution of this matter.

12.    The Court notes that under the terms of the Stipulation, the dismissal will not be effective until the defendant dismisses with prejudice its appeal of this Court's preliminary injunction order as to the C.H. plaintiffs only.

    IT IS THEREFORE ORDERED that the parties' Stipulation to Fully Settle Action Following Notice to the Class and Subject to class Approval and Court Order Pursuant to Rule 23 of the Federal Rules of Civil Procedure is APPROVED, subject to defendant's dismissal, with prejudice, of its appeal of this Court's preliminary injunction as to the C.H. plaintiffs only, and,

    IT IS FURTHER ORDERED, therefore, that this case shall be dismissed with prejudice,

subject to the terms of the Stipulation, as soon as defendant files with the Court proof that the pending appeal in the Seventh Circuit has been dismissed and this Order shall be deemed to be immediately effective as of that date.

02/25/2011
Date

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

cc:

Kenneth J. Falk
ACLU of Indiana
kfalk@aclu-in.org

Gavin M. Rose
ACLU of Indiana
grose@aclu-in.org

Betsy M. Isenberg
Office of the Attorney General
betsy.isenberg@atg.in.gov

Jon Laramore
BAKER & DANIELS LLP
jon.laramore@bakerd.com

April Sellers
BAKER & DANIELS LLP
april.sellers@bakerd.com

Anne Ricchiuto
BAKER & DANIELS LLP
anne.ricchiuto@bakerd.com